IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

NOTE CHANGES MADE BY THE COURT

| | |
|---|---|
| **DANIEL LARSEN,** | CV 08-4610 CAS (SS) |
| Petitioner, | [~~Proposed~~] **PROTECTIVE ORDER** |
| v. | Magistrate Judge: |
| **DERRAL G. ADAMS,** | Hon. Suzanne H. Segal |
| Respondent. | |

Pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003), the Court orders the following:

1. All privileged documents produced by Petitioner to Respondent in this action may be used only for purposes of litigating this habeas corpus proceeding by: (a) Petitioner and the members of his the legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to *Larsen v. Adams* by the California Innocence Project and persons retained by Petitioner's counsel to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses; and (b) Respondent, and the members of the legal team, i.e., lawyers,

1  paralegals, investigators, and support staff, assigned to *Larsen v. Adams* by the
2  California Department of Justice, Attorney General's Office, and persons retained
3  by Respondent's counsel to litigate this matter, including, but not limited to, outside
4  investigators, consultants and expert witnesses. This Protective Order extends to
5  members of the legal teams and all persons retained by the parties to litigate this
6  matter, including, but not limited to, outside investigators, consultants and expert
7  witnesses. All such individuals shall be provided with a copy of this Protective
8  Order.

9      2. Except for disclosure to the persons and agencies described in Paragraph 1, disclosure of the contents of the documents and the documents themselves shall not be made to any other persons or agencies, including, but not limited to, outside prosecutorial agencies and outside law enforcement personnel, without the Court's order.

    3. Documents that Petitioner contends are privileged shall be clearly designated as such by labeling the documents in a manner that does not prevent reading the text of the document. Petitioner shall prepare a privilege log reflecting all privileged documents that Petitioner does not intend to provide to Respondent. The Court shall resolve any dispute regarding claims of privilege.

    4. All privileged documents designated as privileged by Petitioner that are [*in accordance with L.R. 79-5.1*] submitted to this Court shall be submitted under seal in a manner reflecting their confidential nature and designed to ensure that the privileged material will not become part of the public record. Any pleading, deposition transcript, or other papers filed or lodged with the Court that contains or reveals the substantive content of the privileged matter shall be filed under seal, [*per L.R. 79-5.1*] and shall include a separate caption page that includes the following confidentiality notice or its equivalent:

**"TO BE FILED UNDER SEAL**
**THIS PLEADING OR DOCUMENT CONTAINS CONFIDENTIAL**
**INFORMATION SUBJECT TO A PROTECTIVE ORDER AND IS**

2

**NOT TO BE OPENED NOR ITS CONTENTS DISPLAYED OR DISCLOSED."** *, in accordance with L.R. 79-5.1.SHS*

5. If privileged documents or documents containing privileged matters are filed with this Court, they shall be filed with the Clerk of this Court in sealed envelopes prominently marked with the caption of the case and the foregoing Confidentiality Notice. The Clerk of the Court is directed to maintain the confidentiality of any documents filed in accordance with the above. Insofar as reasonably feasible, only confidential portions of the filings shall be under seal; and the parties shall tailor their documents to limit, as much as is practicable, the quantity of material that is to be filed under seal. When a pleading or document contains only a limited amount of privileged content, a party may file a complete copy under seal and at the same time file on the public record an additional, redacted version of the document, blocking out the limited matter comprising the confidential portions.

6. This Order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case.

DATED: 3/12/09

HON. SUZANNE H. SEGAL

LA2008504033
50405352.doc