O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DANIEL LARSEN, | ) | NO. CV 08-04610 CAS (SS) |
| Petitioner, | ) | **ORDER ADOPTING FINDINGS,** |
| v. | ) | **CONCLUSIONS AND RECOMMENDATIONS** |
| DERRAL G. ADAMS, Warden, | ) | **OF UNITED STATES MAGISTRATE JUDGE** |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, all of the records and files herein, the Magistrate Judge's Report and Recommendation, Respondent's Objections ("Objections") and Petitioner's Response to Respondent's Objections. After having made a de novo determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and adopts the findings, conclusions and recommendations of the Magistrate Judge. However, the Court addresses Respondent's Objections below.

//

1    Respondent objects that the Magistrate Judge's April 27, 2010
2  Report and Recommendation ("April 27 R&R") relied on hearsay,
3  specifically "the untested declarations of Petitioner, Jorji Owen, and
4  William Hewitt."  (See Objections at 2).  Regarding the declarations of
5  Owen and Hewitt, Respondent complains that (1) "the [April 27] R&R
6  recites the contents of Owen's and Hewitt's declaration[s]"; and (2) "in
7  finding the prejudice prong of ineffective assistance of counsel to have
8  been met, the [April 27] R&R relied on the Magistrate Judge's previous
9  July 13, 2009 Report and Recommendation ["July 13 R&R"]," which "was
10 clearly based in part on the declarations."  (Id. at 2-3).  This
11 objection has no merit.

12

13   First, it is clear that both the April 27 R&R and the July 13 R&R
14 rely on the testimony of the live witnesses, not the Owen and Hewitt
15 declarations.  The April 27 R&R merely recite the contents of the Owen
16 and Hewitt declarations.  (April 27 R&R at 21-22).  It does not rely on
17 the declarations in any material way.  The April 27 R&R relies on the
18 July 13 R&R to the extent that the July 13 R&R finds that Petitioner met
19 the "actual innocence" standard announced in Schlup v. Delo, 513 U.S.
20 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995), and therefore had
21 established the prejudice prong of the ineffective assistance of counsel
22 analysis under Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct.
23 2052, 80 L. Ed. 2d 674 (1984).  (See April 27 R&R at 43-44).  In the
24 section of the July 13 R&R referred to in the April 27 R&R, it is clear
25 that the Magistrate Judge relied on the testimony of the live witnesses.
26 (See July 13 R&R at 34-42).  The July 13 R&R mentions the contents of
27 the Owen and Hewitt declarations in only two sentences in the eight-page
28 section (see id. at 36, 40), and those two sentences are merely

2

peripheral to the Magistrate Judge's findings.  Second, the objection to the Owen and Hewitt declarations presented in the current Objections is almost identical to argument Respondent presented, and the Court rejected, in his Objections to the July 13 R&R.  (See Objections to [July 13] Report and Recommendation of United States Magistrate Judge ("Objections to July 13 R&R") at 1-6; see also Order Adopting Findings, Conclusions and Recommendations of United States Magistrate Judge ("Order Adopting July 13 R&R") at 1 (adopting July 13 R&R and noting that the Court reviewed Respondent's Objections and made "a de novo determination of the portions of the [July 13 R&R] to which Objections were directed")).

Regarding Petitioner's declaration, Respondent objects that the April 27 R&R relied on it "in support of [the] finding that a motion for new trial may have been granted on the basis of the discovery of new evidence."  (Objections at 3).  However, a review of the relevant paragraph in the April 27 R&R reveals that this is merely an alternative finding: "to the extent that counsel's lack of diligence would have rendered a new trial motion futile, thereby undermining prejudice from counsel's failure to make the motion, Petitioner's argument for prejudice based on counsel's failure to investigate is strengthened." (April 27 R&R at 51).  Thus, the finding of prejudice would stand even without reliance on Petitioner's declaration.[1]

---

[1]  In objecting to Petitioner's declaration on hearsay grounds, Respondent fails to consider Federal Rule of Evidence 807, the "residual exception" to the hearsay rule, which allows reliance on certain hearsay evidence not excepted from the prohibition on hearsay by the enumerated exceptions of Federal Rules of Evidence 803 and 804.  See Fed. R. Evid. 807.  It requires a court to determine that (1) the out-of-court

Petitioner's remaining objections are similarly meritless.   The Court already considered and rejected Respondent's relevance objection to the testimony of Brian McCracken. (See Objections at 8 (objecting to McCracken testimony as irrelevant); Objections to July 13 R&R at 6-8 (same); Order Adopting July 13 R&R at 1).   Petitioner's objection to the admission of attorney Consiglio's disciplinary records also fails for the reasons set out in the April 27 R&R. (See April 27 R&R at 56-57 & n.21).

Finally, the objection that the Magistrate Judge "failed to assess properly the likely impact of the new evidence on reasonable jurors" (Objections at 8), is belied by the record.   The July 13 R&R clearly states that, given the evidence "'it surely cannot be said that a juror, conscientiously following the judge's instructions requiring proof beyond a reasonable doubt, would vote to convict.'" (July 13 R&R at 36 (quoting Schlup, 513 U.S. at 331); see also July 13 R&R at 42 ("This appears to be one of the extraordinary cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt." (internal quotation marks omitted)).   The April 27 R&R makes a similar finding. (See April 27 R&R at 44-45).   To the extent that Respondent merely disagrees with that

---

statement has "circumstantial guarantees of trustworthiness"; (2) the statement is "offered as evidence of a material fact"; (3) the statement is "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts"; and (4) admission of the statement will serve the purposes of the evidentiary rules and the interests of justice. (Id.).   The statement objected to here--that Petitioner did not discover the names of two exculpatory witnesses until after the trial but before sentencing--would likely fall into this exception.

4

finding, the Court has already considered and rejected such objections. (See Objections to July 13 R&R at 8-11; Order Adopting July 13 R&R at 1).

    IT IS ORDERED THAT:

    1.   The First Amended Petition is GRANTED in its entirety.

    2.   The action is remanded for a new trial within ninety (90) days of this decision, plus any additional delay authorized under state law. If the State elects not to pursue a retrial, Petitioner shall be released from custody within ninety (90) days of the date the Judgment herein becomes final.   Respondent shall either release Petitioner from custody or retry him within ninety days of the date of this Order.

    3.   The Clerk shall serve copies of this Order and the Judgment herein by United States mail on counsel for Petitioner and counsel for Respondent.


DATED: June 14, 2010


                                    _Christine A. Snyd_
                                    CHRISTINA A. SNYDER
                                    UNITED STATES DISTRICT JUDGE